

68 Jay Street - Suite 201
Brooklyn Heights, NY 11201

**OFFICE:** (718) 674 - 1245
**FAX:** (516) 453 - 0490

July 18, 2018

Honorable Edgardo Ramos
U.S. District Judge for the
Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**      **Epte v. Selip & Stylianou, LLP**
      **Index:**    **1:18-cv-05892-ER**

Your Honor,

      I am counsel for the Plaintiff, Md Epte in the above-referenced matter in front of your Honor. This letter is in response to Defendant's request for a pre-motion conference as Defendant seeks permission to file a motion to dismiss for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff seeks leave to file the First Amended Complaint attached herein.

      Defendant's letter seeking a pre-motion conference for permission to file a motion to dismiss evidences exactly the bold, audacious behavior by Defendants in this instant matter. First, Defendant's counsel seems to have simply copied and pasted a virtually identical letter filed in two other matters (Khan v. Selip & Stylianou, LLC 18-cv-3690-FB-SJB in the EDNY; and Momin v. Selip & Stylianou, 18-cv-5894-GHW-KHP in the SDNY) without taking note that the facts are different; while carelessly misspelling Plaintiff's name in the caption and Your Honor's zip code in the address line. Second, Defendant's letter sounds more like a Plaintiff's Motion for Summary Judgment rather than a Defendant's Motion to Dismiss. The cases cited in Defendant's letter are more consistent with Plaintiff's position that Defendant intentionally sent a misleading and deceptive letter to Plaintiff threatening legal action they did not intend to take without properly disclosing any attorney involvement.

      Defendant alleges that Plaintiff has failed to state a cause of action under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") upon which relief can be granted. However, Plaintiff has clearly demonstrated at least two prominent violations of the statute that are present in a debt collection letter received by Plaintiff from Defendant in December 2017. The dunning letter which initiated this litigation falsely represented that it was a communication from an attorney, violating § 1692e(3). Additionally, the letter made a threat to take legal action that was not intended to be taken, which is unlawful under § 1692e(3).

      Defendant's collection letter violated the FDCPA because it failed to clearly and conspicuously state that, by sending it, Defendant was acting solely within their capacity as debt

collectors and not as attorneys. Under § 1692e it is unlawful to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. This prohibition includes "the representation or implication that any individual is an attorney or that any communication is from an attorney." § 1692e(3).

        While Defendants are a law firm, it is their responsibility to consumers to clearly indicate that they are acting solely as debt collectors, and not as attorneys, when sending dunning letters. *Gonzalez v. Kay*, 577 F.3d 600, 604 (5th Cir. 2009). Defendant failed to fulfill this responsibility. In *Gonzalez,* the court held that "a lawyer acting as a debt collector must notify the consumer through a clear and prominent disclaimer, that the lawyer is wearing a 'debt collector' hat and not a 'lawyer' hat when sending out the letter." *Id*.

        Secondly, the dunning letter sent to Plaintiff does not include a disclaimer that no attorney had personally reviewed his case. This "safe-harbor" language is necessary if attorneys send out debt collection letters without investigating the merits of a particular case. *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005). Defendant points out that including a disclaimer in a collection letter would be dishonest if meaningful attorney review of a consumer's information had in fact taken place. Here, there is a genuine question of fact regarding whether any level of attorney review had been carried out before the letter at issue was sent. It would be inappropriate to dismiss the Complaint at this stage before granting an opportunity to conduct discovery.

        The letter sent by Defendant is very clearly a form letter that could plausibly have been sent to hundreds, if not thousands, of consumers. While the facts of this case are not identical to those in *Clomon*, where an attorney allowed his name and facsimile of his signature to appear on computer-generated letters, the holding is still relevant. *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). The Second Circuit held that the attorney there had violated § 1692e(3) by allowing collection letters with his name to be sent while he "played virtually no day-to-day role in the debt collection process." *Id.* at 1320. Because of the minimal involvement the attorney took in collecting debt, the court held that "the collection letters were not 'from' [him] in any meaningful sense of the word." *Id*.

        Defendant correctly notes that the Second Circuit has declined to define "meaningful attorney involvement" as it applies to attorneys sending debt collection letters. *Miller v. Wolpoff*, 321 F.3d 292 (2d Cir. 2003). However, Defendant neglects to mention the reasoning followed by the Court in reaching this holding. In *Miller*, a standard for "meaningful attorney involvement" is not created because "there may be circumstances where, following discovery, it becomes clear that the attorney's familiarity with the client's contracts and practices would negate the need to review some if not all the documents [the plaintiff sought] to acquire." *Id.* at 304. Here, there is no indication that any such familiarity of my client's information has been established by Defendant.

        In *Miller*, the attorney defendants submitted affidavits and other evidence showing that they had conducted some review into consumers' information before sending dunning letters. *Id.* at 301. See also *Nielson v. Dickerson*, 307 F.3d 623 (7th Cir. 2002). The Second Circuit held that although defendants claimed that their affidavits made clear that they satisfied the FDCPA's requirement of reasonable attorney involvement, the court reasoned that they "lacked sufficient

detail to permit the district court…to determine that their review was sufficient as a matter of law." *Miller*, 321 F.3d at 305 (7th Cir. 2003).

Defendant's second violation of the FDCPA arises out of the threatening language included in its collection letter. The letter notifies Plaintiff that documents had been "forwarded to the court for the commencement of a lawsuit." Although this language is included, a search of court records reveals that no such action has been commenced against Plaintiff in the six months since the letter was sent. Under the FDCPA, it is unlawful to make a "threat to take any action that cannot legally be taken or that is not intended to be taken." § 1692e(5). The fact that Defendant never followed through with a lawsuit against Plaintiff exemplifies that they never intended to do so and were using the threat of suit as a coercive tactic.

While Defendant claims that misrepresentations in their letter did not constitute material violations of the FDCPA, this is certainly not the case. The misrepresentations at issue here are material in that they would lead the least sophisticated consumer into believing that an attorney, acting in his capacity as such, had reviewed his individual information. The Seventh Circuit has discussed the implications of attorney involvement and the way that it likely influences consumers receiving collection letters. *Avila v. Ruben*, 84 F.3d 222 (7th Cir. 1996). There, the court stated that "an unsophisticated consumer getting a letter from an 'attorney' knows the price of poker has just gone up and that clearly is the reason why the dunning campaign escalates from the collection agency which might not strike fear in the heart of the consumer." *Id.* at 229. By seeking to collect debt through an attorney, debt collectors are seeking to take advantage of the connotation of the word 'attorney' and seeking to intimidate consumers. *Id*. This is precisely the type of behavior that the FDCPA is meant to prevent and precisely the type of behavior that has taken place here.

Finally, Defendant has clearly failed to take the time to review the facts of this particular litigation before submitting their motion to dismiss. Defendant has submitted identical pre-motion letters in three separate actions brought against them with differing facts and claims without acknowledging these differences. Defendant has demonstrated that they have not fully considered the merits of Plaintiff's valid FDCPA claims, which would be inappropriate to dismiss before allowing the opportunity to conduct discovery.

Respectfully submitted,

/ s / Subhan Tariq

Subhan Tariq, Esq.
*Counsel for Plaintiff*